UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA LYNN SELLERS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-01678 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986).

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on July 12, 2013. Administrative Record ("AR") 19.[2] The disability onset date was alleged to be November 3, 2012. Id. The application was disapproved initially and on reconsideration. Id. On August 13, 2015, ALJ Carol Eckersen presided over the hearing on plaintiff's challenge to the disapprovals. AR 34 – 50 (transcript). Plaintiff, who appeared with her counsel Ellis Panudich, was present at the hearing. AR 34. David Dettmer, a Vocational Expert ("VE"), also testified. Id.

On December 3, 2015, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 19-27 (decision). On June 7, 2017, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3.

Plaintiff filed this action on August 11, 2017. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 24 (Commissioner's cross-motion for summary judgment).

## II. FACTUAL BACKGROUND

Plaintiff was born on in 1963, and accordingly was, at age 50, closely approaching advanced age when she filed her application.[3] AR 52, 55. Plaintiff has at least a high school education, and can communicate in English. AR 172, 174. Plaintiff worked as a customer service representative, and later as a supervisor, from August of 1995 through November of 2012. AR 174.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---
[2] The AR is electronically filed at ECF Nos. 10-3 to 10-16 (AR 1 to AR 893).
[3] See 20 C.F.R. § 404.1563(d) ("Person closely approaching advanced age").

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2018.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since November 3, 2012, the alleged onset date (20 CFR 404.1571 et seq.).
>
> 3. [Step 2] The claimant has the following severe impairments: osteoarthritis bilaterally in the shoulders; lumbar degenerative disc disease; cervical degenerative disc disease; bilateral knee replacements; and pseudoseizures (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] [Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climbing [sic.], balance, stoop, kneel, crouch and crawl.
>
> 6. [Step 5] The claimant is capable of performing past relevant work as a customer service representative supervisor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from November 3, 2012, through the date of this decision (20 CFR 404.1520(f)).

AR 19-27.

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 27.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to properly evaluate medical opinions; (2) substituting the ALJ's own lay opinion for a medical opinion; and (3) failing to give clear and

5

convincing reasons for rejecting plaintiff's testimony. ECF No. 17 at 16-27. Plaintiff requests that the matter be remanded to the Commissioner for payment of benefits, or in the alternative, for further proceedings with the appropriate corrective instructions. ECF No. 17 at 28.

### A. The ALJ Improperly Weighed the Opinions of Treating and Consulting Physicians

#### a. The Medical Opinion Evidence

The record before the ALJ included the medical opinions of plaintiff's treating psychiatrist, Naduvathusery Jacob, M.D. (AR 580-604), and consultative examiners Michellea Regazzi, Ph.D. (AR 466-72) and Aung-Win Chiong, M.D. (AR 474-81).[4]

Dr. Jacob opined, among other things, that plaintiff's abilities to perform activities within a schedule, maintain regular attendance, and complete a normal day or workweek were poor. AR 582. Dr. Jacob also found plaintiff had deficits in her abilities to perform simple and complex work, maintain concentration, attention and pace, and respond appropriately to changes in a work setting. Id. The ALJ failed to address the opinion of the plaintiff's treating psychiatrist Dr. Jacob.

Consultative examiner Dr. Regazzi opined that Plaintiff's ability to carry out a normal workday/workweek without interruptions from a psychiatric condition was "markedly limited." AR 22-23, 472. This part of Dr. Regazzi's opinion was based on the results of cognitive testing showing that, among other things, Plaintiff's working memory was in the 6th percentile (Borderline), her Verbal Comprehension Index (Information) was Borderline, and her full-scale assessment was "low average." AR 468-71. The ALJ gave "limited weight" to the consultative examiner on the grounds that her opinion was inconsistent with plaintiff's treating records or plaintiff's functioning report. AR 22-23.

Consultative examiner Dr. Chiong opined Plaintiff's bilateral knee arthritis with multiple surgeries, low back pain, pseudoseizure disorder, and shoulder pain would limit her activities. AR 479. Specifically, Dr. Chiong found plaintiff could lift 20 pounds occasionally and 10

---

[4] Plaintiff's argument regarding Dr. Chiong is presented in her challenge to the ALJ's RFC determination, but it is more properly analyzed as part of her challenge to the evaluation of physicians' opinions, and is therefore included here.

pounds frequently, stand/walk up to two hours in an eight-hour workday; sit up to six hours in an eight-hour workday; occasionally stoop, crouch, crawl and kneel; occasionally perform manipulative activities; she needed a cane for outside terrain and should avoid working at heights or operating a commercial vehicle. AR 480.

### b. Principals Governing the ALJ's Consideration of Medical Opinion Evidence

The Ninth Circuit distinguishes "among the opinions of three types of physicians: 1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). Generally, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Accordingly, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014) (citing Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)).

If a treating physician's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons supported by substantial evidence. Orn, 495 F.3d at 632 (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Even if the treating physician's opinion is contradicted by another doctor, it may not be rejected unless the ALJ provides specific and legitimate reasons supported by substantial evidence. Id. (quoting Reddick, 157 F.3d at 725). In general, "conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation omitted).

### c. Analysis of Medical Opinions

#### i. Naduvathusery Jacob, M.D., Treating Psychiatrist

The ALJ failed to weigh the opinion of treating psychiatrist Dr. Jacob, and this failure constitutes reversible legal error. The record shows that plaintiff visited Dr. Jacob on March 19, 2013 for an evaluation of depression medications. AR 583-88. During this visit, Dr. Jacob

7

assessed plaintiff with Major Depressive Disorder (MDD) versus Depression NOS versus Mood Disorder secondary to General Medical Condition (GMC) and history of Attention Deficit Hyperactivity Disorder (ADHD), and continued plaintiff's prescriptions, including an increased dosage of Wellbutrin (antidepressant), increased dosage of Lexapro (antidepressant), and continued but reduced use of Xanax (benzodiazepine prescribed for anxiety and panic disorders). AR 585, 587. Plaintiff presented to Dr. Jacob with mood and behavior changes on May 3, 2013. AR 589. Dr. Jacob indicated he would aggressively treat plaintiff for a Mood Disorder secondary to GMC (s/p cerebral vascular accident (CVA)) and Anxiety. AR 589. Treatment notes also indicated a listing of psychiatric medications plaintiff was prescribed to address her impairments. On August 27, 2013, Dr. Jacobs opined that plaintiff's abilities to perform activities within a schedule, maintain regular attendance, and complete a normal day or workweek were poor. AR 582. Plaintiff's abilities to perform simple and complex work, maintain concentration, attention and pace, and respond appropriately to changes in a work setting were also poor. Id.

The ALJ found that plaintiff's "mental impairments of anxiety adjusted disorder do not cause more than minimal limitations" and are therefore nonsevere. AR 22. The ALJ did not discuss Dr. Jacob's opinion. As noted above, the ALJ was required to give Dr. Jacob, the treating psychiatrist, more weight in comparison to non-treating physicians absent a finding that the opinion was not entitled to such weight. If the ALJ intended to reject Dr. Jacob's opinion then she was required to "state clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the ALJ did not weigh Dr. Jacob's opinion and failed to give specific and legitimate reasons based on substantial evidence for rejecting this treating physician's opinion. Upon review of the record, the court finds the ALJ's failure to properly account for Dr. Jacob's opinion reversible error.

    ii. <u>Michellea Regazzi, Ph.D., Consultative Examiner</u>

The ALJ did not give sufficient reasons for assigning little weight to consultative examiner Dr. Regazzi, and this constitutes reversible legal error. Dr. Regazzi examined plaintiff on September 30, 2013, and conducted several psychological tests. AR 466-72. Treatment notes indicated plaintiff's intellectual functioning was in the low average range (12th percentile), but

8

her Working Memory were in the 6th percentile or Borderline. AR 468, 469. Plaintiff's ability for sustained attention and/or mental tracking were moderately impaired. AR 471. Dr. Regazzi diagnosed Anxiety Disorder NOS and Depressive Disorder. Id. She opined that plaintiff was not significantly limited in understanding, remembering, and carrying out simple instructions or with detailed and complex instruction; in maintaining attention and concentration for the duration of the evaluation; with pace and persistence; adapting to changes in routine work-related settings, staying consistent with pace and progress, and/or being aware of work safety issues. AR 471-72. However, plaintiff's ability to carry out a normal workday/workweek without interruptions from a psychiatric condition was markedly limited. Id.

The ALJ gave "limited weight" to Dr. Regazzi's opinion regarding plaintiff's mental limitations because Dr. Regazzi's opinion was inconsistent with the plaintiff's "treating records and functional report." Specially, the ALJ noted "there is nothing in the letter from [plaintiff's] treating psychologist that indicates significant limitations." AR 23. However, the ALJ did not point to specific inconsistencies within the letter or other findings. The ALJ simply used conclusory language without providing specific, legitimate reasons for giving the consultative examiner's opinions "limited weight."

An ALJ may only discount the opinion of a physician, even when that opinion is contradicted by another medical source, by articulating "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ satisfies the requirement for "substantial evidence" by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1996)). The ALJ failed to do so here. For this reason, the ALJ's decision cannot stand.

### iii. Aung-Win Chiong, M.D., Consultative Examiner

Plaintiff contends that the ALJ improperly rejected portions of Dr. Chiong's findings without providing legitimate reasons. ECF No. 17 at 27. The undersigned agrees. The ALJ gave Dr. Chiong's opinions "significant weight except for the opinion that the claimant needs a cane to

ambulate for outside terrain." AR 26. The ALJ reasoned that this limitation was based on plaintiff's subjective report and is "not supported by the claimant's treatment records," citing the fact that plaintiff has never been prescribed a cane. AR 25-26.

First, the ALJ's evaluation of Dr. Chiong's assessment of plaintiff's need for a cane is not well reasoned. Dr. Chiong opined that plaintiff needs an assistive device for outside terrain, and noted that the medical conclusions were based on a personal examination. AR 480. An "ALJ may not reject the opinion of a treating or examining physician that is uncontradicted without providing 'clear and convincing reasons that are supported by substantial evidence.'" Aparicio v. Colvin, 639 Fed. Appx. 407, 409 (9th Cir. 2015). The ALJ's conclusory statement that Dr. Chiong's assessment of a cane was based solely on plaintiff's self-report, and her conclusion that a lack of prescription in the record negated any possible need for a cane, are insufficiently well reasoned in light of Dr. Chiong's express reliance on a personal examination of plaintiff.

Second, the ALJ failed to acknowledge several of the limitations included in Dr. Chiong's report. AR 25-26. Dr. Chiong concluded that plaintiff was limited due to her bilateral knee arthritis, low back pain, pesudoseizure disorder, bilateral shoulder pain, and history of gastric bypass. AR 479-80. Dr. Chiong opined that plaintiff is limited to standing/walking for two hours and occasional manipulative actions. Id. By failing to specifically address these limitations, the ALJ necessarily rejected Dr. Chiong's opinion regarding these impairments. Smolen v. Chater, 80 F.3d 1273, 1286 (9th Cir.1996) (failing to discuss doctors' opinions and making contrary findings effectively rejects those opinions, constituting legal error). The rejection of an examining doctor's opinion must be based on specific and legitimate reasons, supported by substantial evidence in the record. See Lester, 81 F.3d at 830. Since the ALJ gave no reasons, the court cannot find that "specific and legitimate reasons" were provided for rejecting the doctor's opinion. This improper rejection constitutes error sufficient to warrant remand.

B. Error at Step Two: Failure to Consider Treating Psychiatrist

Plaintiff contends that the ALJ committed reversible error in concluding that plaintiff's mental impairment was non-severe because it caused only mild limitations in her functioning. See AR 22. The court agrees. At step two of the sequential evaluation, the ALJ determines

which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005.

Here, the ALJ's conclusion that plaintiff's mental impairments are non-severe is undermined by the fact that ALJ rejected the opinion of plaintiff's treating psychiatrist without any explanation. AR 22. The ALJ's blanket statement that "[t]here is nothing in the letter from her treating psychologist that indicates significant limitations" is both insufficient and inaccurate; it cites to a letter from MFT Angela E. Paccini, not to Dr. Jacob's analysis. AR 22, 651. As discussed in detail above, Dr. Jacob opined to several limitations that the ALJ should have addressed to properly complete the analysis at the second step. AR 582. This is reversible error.

C. The ALJ Did Not Erroneously Engage in Lay Interpretation

Plaintiff asserts the ALJ's residual functional capacity (RFC) finding is based on legal

11

error because the ALJ improperly relied on her own lay interpretation of medical evidence. ECF No. 17 at 28. The court disagrees. An RFC determination describes a claimant's ability to do physical and mental work activities on a sustained basis despite limitations from impairments. 20 C.F.R. § 416.920(e). It is the ALJ's responsibility, not a doctor's, to determine a claimant's RFC. 20 C.F.R. § 404.1546(c); Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). Here, the ALJ found the Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b). The ALJ determines RFC based upon medical records, physicians' opinions, and the plaintiff's description of her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a)(3). However, "an ALJ may not act as his own medical expert as he is simply not qualified to interpret raw medical data in functional terms." Rivera v. Berryhill, No. ED CV 16-791-SP, 2017 WL 5054656, at *4 (C.D. Cal. Oct. 31, 2017) (internal quotations omitted).

Plaintiff argues the ALJ impermissibly based the RFC findings on her own lay analysis of plaintiff's November 2013 lumbar spine MRI. ECR No. 17 at 23, AR 779-80. Although the ALJ did reference this MRI in her recitation of the evidence (AR 25), it is not clear exactly how this medical evidence factored in to the RFC determination. There is no indication that the ALJ relied on her own lay interpretation of the MRI results. Accordingly, the court finds no error.

### C. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ did not err in her treatment of plaintiff's subjective testimony. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that [his or her] impairment could reasonably be expected to cause the severity of the symptom she has alleged; [he or she] need only show that it could reasonably have caused some degree of the symptom." Garrison, 759 F.3d at 1014 (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted).

However, the ALJ "must provide clear and convincing reasons to reject a claimant's subjective testimony, by specifically identifying what testimony is not credible and what evidence

undermines the claimant's complaints." Id. (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

Here, the ALJ found plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 24. Upon review of the ALJ's determination on credibility, the court finds no error. The ALJ is permitted to consider plaintiff's activities of daily living in making a disability determination. 20 C.F.R. § 404.1529; see also, Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2009). The ALJ appropriately concluded that plaintiff's actives of daily living, which include chores, shopping, folding laundry and ironing two to three times per week, and spending time with her grandkids (AR 60-62, 183-85) are inconsistent with claims of totally disabling pain. AR 24.

The ALJ likewise pointed to plaintiff's history of conservative treatment. AR 24. "Conservative treatment" may be sufficient to discount a claimant's testimony regarding the severity of an impairment. Parra v. Astrue, 481 F.3d 742, 750–51 (9th Cir. 2007). The ALJ's reliance on plaintiff's history of conservative treatment, including good control of her pain in her back and shoulder with medication (AR 440, 665), several office visits in 2013 where plaintiff had no complaints of pain (AR 440-456); plaintiff's treatment doctor noted inconsistencies in plaintiff's desire for pain control and her medication use and encouraged to gradually increase daily stretching and strengthening to help chronic pain (AR 672, 676, 680, 685), was an appropriate additional basis to find plaintiff less credible. Burch, 400 F.3d at 681. The ALJ did not err in her credibility determination.

C. Remand

The undersigned agrees with plaintiff that the ALJ's error regarding the medical opinion evidence is harmful and requires remand for further proceedings by the Commissioner. AR 17 at 16. An error is harmful when it has some consequence for the ultimate non-disability

13

determination.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).  The ALJ's error in this matter was harmful; the physicians' opinions, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of plaintiff's treating and examining physicians.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 24), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: February 4, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE